Battle,
 
 J.
 

 The question, whether the defendant was guilty of ordinary neglect in taking care of the slave hired from the plaintiff, was one of law, which his Honor properly undertook to decide, but upon the facts stated in the bill of exceptions, we do not concur in the opinion which he pronounced upon it. Ordinary neglect is, the want of ordinary care, and that, as applied to a hired slave, signifies such a degree of care as a person of ordinary prudence would take of him
 
 *365
 
 under similar circumstances;
 
 Heathcock
 
 v.
 
 Pennington,
 
 11 Ire. Eep. 640;
 
 Couch
 
 v.
 
 Jones,
 
 4 Jones 402. "Whether, where a slave is sick, the hirer is bound, without an express agreement, to that effeet, to procure, at his own expense* medical attendance for him, has been a subject of dispute in this State,, and has not yet been settled by an}*- direet adjudication, though it has been decided that if he call in a physician, he, and not the owner of the slave, is bound to pay the bill;
 
 Haywood
 
 v.
 
 Long,
 
 5 Ired. 438. But supposing that the ordinary care which the hirer must take of the slave includes the duty-of procuring- the advice and assistance- of a physician when, necessary, as we are inclined to think, it does, yet, we cannot-find any want of due-care in the circumstances of the present-case. The agents of' the defendant may, possibly, not have-acted for the best, but they seem, to have been desirous of doing so, and we cannot but think the owner’ would, have pur-, sued the same course in- a similar conjuncture of circumstances., It was testified by a, physician that the agent under whom-, th.e slave was working at the time,, when, he was taken sick, could not have dicovered that the disease was, ty.-phoid fever, and we are not informed that he knew,, or had any reason to suppose, that th.e sending him on the ears to.Holtsburg, in the-cool of the morning, would aggravate the-symptoms. After the arrival of the patient at Holtsburg* it wag, a- question admitting of some- doubt, whether it was better to keep him at a country depot,, at which we- are n.ot told that there were-proper accommodations for a sick, person, or- to send him in the cool of the- afternoon, three miles to- the house of the plaintiff’s mother* where he was sure to- have- the kindness and’ care of a, woman’s, ministrations. • Supposing that the agent erred* was his error so obvious a. one, that a man. of ordinary prudence would n.ot have fallen into.it? "We-certainly cannot say that it was. The standard of ordinary prudence and care, is from its. very nature, an, indefinite- one, and the want of it is frequently very difficult to-ascertain. In the present case, we cannot say that the slave would probably have recovered had the course contended for, on the part of the-
 
 *366
 
 plaintiff, been pursued; nor can we see any necessary consequence of his death from the manner in which he was treated. "We are strongly inclined to the opinion that the disease was one of those which not unfrequently seize the most hardy and vigorous persons, and bring them to the grave in spite the kindest attentions, and the ablest medical skill.
 

 Differing from his Honor, upon the question of ordinary neglect, as applied to the circumstances of the present case, we must reverse the judgment, and order a
 
 venire de novo.
 

 Per Curiam,
 

 Judgment reversed.